FILED

NOT FOR PUBLICATION

JUL 16 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30377 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-00205-MO-10 |
| v. | |
| NORMA LILIA RUEDA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted July 16, 2010[**]
Portland, Oregon

Before: PREGERSON, WARDLAW and RAWLINSON, Circuit Judges.

Norma Lilia Rueda appeals her conviction for numerous drug-related crimes

arising out of a conspiracy to distribute cocaine and methamphetamine. The sole

issue on appeal is whether the district court erred in denying Rueda's pre-trial

___

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

motion to suppress evidence obtained pursuant to a search warrant executed one month after law enforcement authorities observed Rueda arranging and executing a drug transaction with another member of the conspiracy. *See United States v. Jensen,* 425 F.3d 698, 704 (9th Cir. 2005) (district court's denial of a motion to suppress is reviewed de novo as to issues of law and for clear error as to findings of fact). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Considering the totality of the circumstances, the affidavit supporting issuance of the warrant shows that there was "a fair probability that contraband or evidence of a crime" would be found in Rueda's home. *United States v. Fernandez*, 388 F.3d 1199, 1252 (9th Cir. 2004); *see also United States v. Kelley*, 482 F.3d 1047, 1050 (9th Cir. 2007) ("Neither certainty nor preponderance of the evidence is required."), *cert. denied*, 128 S. Ct. 877 (2008):

First, the sixty-four page affidavit supporting the application for the warrant provided a detailed summary of the authorities' ongoing investigation into a drug distribution conspiracy in which Rueda was implicated. *See, e.g.*, *United States v. Terry*, 911 F.2d 272, 275 (9th Cir. 1990) (permitting "reasonable inferences about where evidence is likely to be kept based on the nature of the evidence and the type of offense"); *Fernandez*, 388 F.3d at 1254 (permitting "the reasonable inference that in the case of drug dealers, evidence is likely to be found where the dealers

2

live"). Where, as here, an affidavit establishes the existence of an ongoing narcotics operation, staleness arguments lose much of their force. *United States v. Leasure*, 319 F.3d 1092, 1099 (9th Cir. 2003).

Second, the affidavit specified that the police investigation had resulted in a grand jury indictment against Rueda and twelve other defendants for drug-related activity. Though the indictment is not itself an adequate substitute for articulable facts in the affidavit supporting the warrant, it may be considered along with other facts in determining whether probable cause exists. *See United States v. Rubio*, 727 F.2d 786, 795 (9th Cir. 1983).

Third, a police officer with fifteen years of experience and five-hundred hours of specialized training swore under oath that he had probable cause to believe that evidence would be found in Rueda's home. We may rely on experienced law enforcement officers' conclusions as to where evidence of a crime is likely to be found. *See United States v. Terry*, 911 F.2d at 275.

Finally, the affidavit contained a detailed account of a one-day surveillance operation during which Rueda arranged for two drug transactions and explained to her co-defendant that the drugs were needed for resale to out-of-town customers. *See, e.g.*, *United States v. Crews*, 502 F.3d 1130, 1140 (9th Cir. 2007) ("[I]t is reasonable to believe that ammunition, cleaning kits, cases, and other evidence of

firearm possession would have still been present at Apartment 3 after only twelve days even if the .22 revolver was discarded. One may infer that equipment acquired to accomplish a crime will be kept for some period of time." (internal quotation marks omitted)); *Leasure*, 319 F.3d at 1099 ("Agents had observed the property in January and March of 1998 and seen objects consistent with the manufacture of methamphetamine.").

**AFFIRMED.**



*U.S. v. Rueda*, **Case No. 09-30377**
**Rawlinson, Circuit Judge, concurring:**

I concur in the result.